IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALONDO WHEELER §
(BOP Register No. 49557-177), §
 §
         Movant, §
 § Civil Action No. 3:17-CV-0413-D
VS. § (Fifth Circuit No. 19-10554)
 §
UNITED STATES OF AMERICA, §
 §
         Respondent. §

MEMORANDUM OPINION
AND ORDER

The United States Court of Appeals for the Fifth Circuit has remanded this matter to this court to determine whether movant Alondo Wheeler ("Wheeler") deposited his undated notice of appeal in the prison's internal mail system on or before the last day for filing, which was May 6, 2019. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). For the following reasons, the court finds and concludes that Wheeler has failed to show that his notice of appeal was timely deposited.

The court entered final judgment in this matter on March 7, 2019, and denied a certificate of appealability the same day. Accordingly, the final day for Wheeler to file a timely notice of appeal was May 6, 2019. *See* Fed. R. App. P. 4(a)(1)(B)(i). Because Wheeler is confined in federal prison, however, the prison mailbox rule applies. Under that rule, his notice of appeal "was filed at the time [he] delivered it to the prison authorities for

forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988) (footnote omitted); *accord* Fed. R. App. P. 4(c)(1).

Wheeler has the burden of establishing that his notice of appeal was timely, i.e., that it was delivered it to the prison authorities for forwarding to the court clerk on or before the deadline for filing a notice of appeal.

> A prisoner can establish timely filing of a notice of appeal under the prison mailbox rule by providing a notarized statement or a declaration under penalty of perjury stating the date on which the document was given to prison authorities and attesting that the postage was prepaid, or by providing other evidence, such as a postmark or date-stamp, showing timely delivery and prepayment of postage.

*Cave v. Warden*, 2019 WL 1953111, at *1 (6th Cir. Feb. 5, 2019) (per curiam) (citing Rule 4(c)(1); *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016) (order)); *see also Smotherman*, 838 F.3d at 738-39 (noting that under the current version of Rule 4(c)(1), which took effect on December 1, 2016, the "method of proving timeliness . . . is 'evidence,'" and, therefore, while "the appellant always held the burden of proving timeliness in an appeal under Rule 4," "[a] declaration, notarized statement, or evidence [is now] required to accompany a notice of appeal . . ., regardless of what sort of mailing system a prisoner has access to").

Wheeler has failed to offer any evidence, however, to show that his notice of appeal is timely. His notice of appeal is not dated. It is postmarked May 9, 2019—three days after the deadline to deliver it to prison authorities for forwarding to the court clerk. And Wheeler has failed to provide other evidence to establish his timely filing of the notice, even in his

response to the court's order entered to further the determination to be made on remand. *Cf. United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004) ("Mr. Ceballos-Martinez's notice of appeal has neither a declaration of compliance nor a notarized statement, and it fails to affirm that he pre-paid first-class postage for any of his filings. Further, he has not subsequently filed a declaration or notarized statement in compliance with Rule 4(c)(1). Because we find that Mr. Ceballos-Martinez failed to employ the methods provided by Congress to establish compliance with the mailbox rule, we dismiss for lack of subject-matter jurisdiction.").

Accordingly, for the reasons explained, the court finds and concludes that Wheeler has failed to show that his notice of appeal was timely deposited in the prison mail system, and, therefore, has failed to show that his notice of appeal is timely.

**SO ORDERED**.

August 27, 2019.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE